**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LVL PATENT GROUP, LLC, | |
| Plaintiff, | |
| v. | **Civil Action No.** |
| ATLANTIC BROADBAND FINANCE, LLC; BRIGHT HOUSE NETWORKS, LLC; CABLE ONE, INC.; CEQUEL COMMUNICATIONS, LLC; CHARTER COMMUNICATIONS HOLDING COMPANY, LLC; CHARTER COMMUNICATIONS, INC.; COMCAST CORPORATION; COX COMMUNICATIONS, INC.; CSC HOLDINGS LLC; INSIGHT COMMUNICATIONS COMPANY, INC.; KNOLOGY, INC.; MEDIACOM BROADBAND LLC; RCN TELECOM SERVICES, LLC; AND TIME WARNER CABLE INC., | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

<u>COMPLAINT</u>

Plaintiff LVL Patent Group, LLC ("LVL") alleges as follows:

<u>PARTIES</u>

1.      LVL is a Virginia limited liability company with its principal place of business at 2331 Mill Road, Suite 100, Alexandria, Virginia 22314.

2.      On information and belief, defendant Atlantic Broadband Finance, LLC ("Atlantic") is a Delaware limited liability company with a principal place of business at 1 Batterymarch Park, Suite 405, Quincy, Massachusetts 02169.   Atlantic has appointed Corporation Service Company, 2711 Centerville, Rd., Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

3.      On information and belief, defendant Bright House Networks, LLC ("Bright") is a Delaware limited liability company with a principal place of business at 5000 Campuswood Drive, East Syracuse, New York 13057.   Bright has appointed Corporation Service Company,

2711 Centerville, Rd., Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

4.      On information and belief, defendant Cable One, Inc. ("Cable One") is a Delaware corporation with a principal place of business at 1314 North 3rd Street, 3rd Floor, Phoenix, Arizona 85004.   Cable One has appointed The Corporation Trust Company, Corporation Trust Center 1209 Orange St., Wilmington, Delaware 19801 as its agent for service of process.

5.      On information and belief, defendant Cequel Communications, LLC ("Cequel"), is a Delaware limited liability company with a principal place of business at 12444 Powerscourt Drive, Suite 450, St. Louis, Missouri 63131.   Cequel has appointed The Corporation Trust Company, Corporation Trust Center 1209 Orange St., Wilmington, Delaware 19801 as its agent for service of process.

6.      On information and belief, defendant Charter Communications Holding Company, LLC ("Charter Holdings") is a Delaware limited liability company with a principal place of business at 12405 Powerscourt Drive, St. Louis, Missouri 63131.  Charter Holdings has appointed Corporation Service Company, 2711 Centerville, Rd., Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

7.      On information and belief, defendant Charter Communications, Inc. ("Charter") is a Delaware corporation with a principal place of business at 12405 Powerscourt Drive, St. Louis, Missouri 63131.  Charter has appointed Corporation Service Company, 2711 Centerville, Rd., Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

8.      On information and belief, defendant Comcast Corporation ("Comcast") is a Pennsylvania corporation with a principal place of business at One Comcast Center, Philadelphia, Pennsylvania 19103.   Comcast has appointed CT Corporation System, Two Commerce Square, 2001 Market Street, 5th Floor, Philadelphia, PA 19103.

9.      On information and belief, defendant Cox Communications, Inc. ("Cox") is a Delaware corporation with a principal place of business at 1400 Lake Hearn Drive, Atlanta,

Georgia 30319.  Cox has appointed Corporation Service Company, 2711 Centerville, Rd., Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

10.     On information and belief, defendant CSC Holdings LLC ("CSC") is a Delaware limited liability company with a principal place of business at 1111 Stewart Avenue, Bethpage, New York 11714.  CSC has appointed Corporation Service Company, 2711 Centerville, Rd., Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

11.     On information and belief, defendant Insight Communications Company, Inc. ("Insight") is a Delaware corporation with a principal place of business at 810 7th Avenue, New York, New York 10019.  Insight has appointed Corporation Service Company, 2711 Centerville, Rd., Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

12.     On information and belief, defendant Knology, Inc. ("Knology") is a Delaware corporation with a principal place of business at 1241 O.G. Skinner Drive, West Point, Georgia 31833.  Knology has appointed Corporation Service Company, 2711 Centerville, Rd., Suite 400, Wilmington, Delaware 19808 as its agent for service of process.

13.     On information and belief, defendant Mediacom Broadband LLC ("Mediacom") is a Delaware limited liability company with a principal place of business at 100 Crystal Run Road, Middletown, New York 10941.  Mediacom has appointed The Corporation Trust Company, Corporation Trust Center 1209 Orange St., Wilmington, Delaware 19801 as its agent for service of process.

14.     On information and belief, defendant RCN Telecom Services, LLC ("RCN") is a Delaware corporation with a principal place of business at 196 Van Buren St, Herndon, Virginia 20170.  RCN appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19081.

15.     On information and belief, defendant Time Warner Cable Inc. ("Time Warner") is a Delaware corporation with a principal place of business at 60 Columbus Circle, New York, New York 10023.  Time Warner has appointed The Corporation Trust Company, Corporation Trust Center 1209 Orange St., Wilmington, Delaware 19801 as its agent for service of process.

## JURISDICTION AND VENUE

16.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

17.     Venue is proper in this district under 28 U.S.C. §§ 1391 (b)-(d) and 1400(b) because each defendant is subject to personal jurisdiction in this district, has committed acts of patent infringement in this district, or has a regular and established place of business in this district.

## COUNT I

### (Infringement of U.S. Patent No. 6,044,382)

18.     LVL is the owner by assignment of United States Patent No. 6,044,382 ("the '382 patent"), entitled "Data Transaction Assembly Server."  The '382 patent issued on March 28, 2000.  A true and correct copy of the '382 patent is attached hereto as Exhibit A.

19.     Defendant Atlantic has infringed and still is infringing at least claim 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing its cable television system, including the set-top box, cable network, and its interactive multi-media network services platform.

20.     Defendant Bright has infringed and still is infringing at least claim 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing its cable television system, including the set-top box, cable network, and its interactive multi-media network services platform.

21.     Defendant Cable One has infringed and still is infringing at least claim 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing its cable television system, including the set-top box, cable network, and its interactive multi-media network services platform.

22.     Defendant Cequel as infringed and still is infringing at least claim 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell,

4

or importing its cable television system, including the set-top box, cable network, and its interactive multi-media network services platform.

23.     Defendant Charter Holdings has infringed and still is infringing at least claim 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing its cable television system, including the set-top box, cable network, and its interactive multi-media network services platform.

24.     Defendant Charter has infringed and still is infringing at least claim 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing its cable television system, including the set-top box, cable network, and its interactive multi-media network services platform.

25.     Defendant Comcast has infringed and still is infringing at least claim 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing its cable television system, including the set-top box, cable network, and its interactive multi-media network services platform.

26.     Defendant Cox has infringed and still is infringing at least claim 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing its cable television system, including the set-top box, cable network, and its interactive multi-media network services platform.

27.     Defendant CSC has infringed and still is infringing at least claim 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing its cable television system, including the set-top box, cable network, and its interactive multi-media network services platform.

28.     Defendant Insight has infringed and still is infringing at least claim 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing its cable television system, including the set-top box, cable network, and its interactive multi-media network services platform.

29.     Defendant Knology has infringed and still is infringing at least claim 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing its cable television system, including the set-top box, cable network, and its interactive multi-media network services platform.

30.     Defendant Mediacom has infringed and still is infringing at least claim 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing its cable television system, including the set-top box, cable network, and its interactive multi-media network services platform.

31.     Defendant RCN has infringed and still is infringing at least claim 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing its cable television system, including the set-top box, cable network, and its interactive multi-media network services platform.

32.     Defendant Time Warner Cable has infringed and still is infringing at least claim 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing its cable television system, including the set-top box, cable network, and its interactive multi-media network services platform.

33.     As a result of each defendant's infringement of the '382 patent, LVL has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless each defendant's infringing activities are enjoined by this Court.

34.     Unless a permanent injunction is issued enjoining each defendant and its agents, servants, employees, attorneys, representatives, affiliates, and all others acting on its behalf from infringing the '382 patent, LVL will suffer irreparable harm.

PRAYER FOR RELIEF

LVL prays for the following relief:

1.     A judgment that each defendant has infringed (either literally or under the doctrine of equivalents) one or more claims of the '382 patent;

2.      A permanent injunction enjoining each defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from infringing the '382 patent;

3.      An award of damages resulting from each defendant's acts of infringement in accordance with 35 U.S.C. § 284;

4.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to LVL its reasonable attorneys' fees against each defendant;

5.      A judgment and order requiring defendants to provide an accounting to pay supplemental damages to LVL, including without limitation, pre-judgment and post-judgment interest; and

6.      Any and all other relief to which LVL may show itself to be entitled.

<u>DEMAND FOR JURY TRIAL</u>

LVL demands a trial by jury on all issues so triable.

September 15, 2011                              BAYARD, P.A.

                                               /s/ *Stephen B. Brauerman*
                                               Richard D. Kirk (rk0922)
                                               Stephen B. Brauerman (sb4952)
Of Counsel:                                    222 Delaware Avenue, Suite 900
                                               Wilmington, DE  19801
Marc A. Fenster                                (302) 655-5000
Russ, August & Kabat                           rkirk@bayardlaw.com
12424 Wilshire Boulevard, 12th Floor           sbrauerman@bayardlaw.com
Los Angeles, CA  90025-1031
(310) 826-7474                                 Attorneys for Plaintiff,
mfenster@raklaw.com                            LVL Patent Group, LLC